# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANTONIO R. MARISCAL,

       Petitioner,

v.                                      Civil No. 98-992 BB/WWD

JANET RENO, et al.,

       Respondents.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Petitioner's Motion for Preliminary Injunction Staying Deportation Pending Determination of Petition for Writ of Habeas Corpus, filed October 2, 1998 [docket # 8-1]. Petitioner, who is subject to deportation at any time, seeks the stay under Fed.R.Civ.P. 65. His habeas petition pending before this Court includes allegations of due process violations regarding the denial of waiver under § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. 1182(c).[1]

A hearing was held on the motion for preliminary injunction on November 3, 1998. While agreeing that Petitioner should not be deported, counsel for Respondents are not willing to stipulate to a court order staying deportation, maintaining that this Court lacks jurisdiction over Mariscal's claims. While the law is not entirely clear, I find that this Court does have jurisdiction to review Petitioner's underlying claims, and therefore to enter a stay.

---

[1] Mariscal alleges several theories of constitutional violations relating to his rejected application for waiver under § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. 1182(c). Section 212(c) gave lawful permanent residents of seven years duration the right to seek discretionary relief from deportation due to conviction of certain narcotics offenses which render them deportable under 8 U.S.C. §1251(a)(2)(C)) (redesignated as 8 U.S.C. § 1227(a)(2)(C) on April 1, 1997)).

**Jurisdiction for Constitutional Claims under § 2241**

The government bases its arguments for lack of jurisdiction on recent amendments to the Immigration and Nationality Act ("INA"), under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").[2]   Section 440(a) of AEDPA amends § 106 of the INA, § 1105a(a)(10), by essentially divesting courts of any jurisdiction to review deportation orders when they are based on the commission of certain criminal offenses.[3]   The Tenth Circuit has followed other circuit courts in holding that § 440(a) applies to petitions for review pending on or after the date of AEDPA's enactment on April 24, 1996, making it applicable to Mariscal.  See Berehe v. INS, 114 F.3d 159, 160 (10th Cir. 1997).

Section 306 of IIRIRA repealed § 106 of the INA its entirety. Section 306(a) created a new subsection § 242 in the INA at § 242, codified at 8 U.S.C. § 1252, titled "Exclusive Jurisdiction":

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

---

[2]  Publ.L. No. 104-132, 110 Stat. 1214 (April 24, 1996) and  Div. C of Publ.L. No. 104-208, 110 Stat. 3009 (September 30, 1996), respectively.

[3]  Section 106 of the INA stated that "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings."   Section 440(a) of AEDPA amends § 106 to state that"[a]ny final order of deportation against an alien who is deportable by reason of having committed [certain specific criminal offenses] shall not be subject to review by any court."

§ 242(g) of the INA, 8 U.S.C. § 1252(g). Section 242(g) of the INA was intended to be effective immediately and apply "without limitation to claims arising from all past, pending, or future exclusion deportation, or removal proceedings under such Act." (§ 306(c)(1) of IIRIRA, "Effective Date"); Notwithstanding the recently enacted statutory provisions restricting judicial review of deportation orders, I find that § 242(g) to the INA, 8 U.S.C. § 1252(g)) has not foreclosed review of substantial claims of constitutional violations properly brought under a petition for writ of habeas corpus pursuant to § 2241. The Tenth Circuit has not provided a definitive answer to the question, but merely notes the "possibility that habeas jurisdiction" exists under § 2241. Fernandez v. INS et al,113 F.3d 1151, 1155 (10th Cir. 1997) (jurisdiction-precluding statutes "do not, unless Congress expressly provides, close the door to constitutional claims, provided that the claim is colorable.") (citation omitted).[4] However, I reach my conclusion after a review of various circuits which have addressed the question.

The majority of the other circuits which have addressed the issue agree that neither AEDPA nor the IIRIRA have repealed § 2241, so that habeas corpus jurisdiction still exists in federal district courts to hear petitions involving violations of constitutional rights brought as claims under § 2241. See, Goncalves v. Reno, et al., 144 F.3d 110 (1st Cir. 1998); Henderson v. INS et al., ___ F.3d ___, 1998 WL 665783 (2nd Cir. 1998); Salazar-Haro v. INS., 95 F.3d 309, 311 (3rd Cir. 1996); Ramallo v. Reno et al., 114 F.3d 1210, 1214 (D.C.Cir. 1997); Lerme de Garcia v. INS, 141 F.3d 215 (5th Cir. 1998); see also Turkhan v. INS, 123 F.3d 487 (7th Cir. 1997); Magana-Pizano v. INS., 152 F.3d 1213, 1220 (9th Cir. 1998); but see, Auguste v. Reno,

_____

[4] The Court noted that the government went so far as to "concede" jurisdiction under *§440(a)* for "substantial constitutional issues." At 1155 (emphasis added).

152 F.3d 1325 (11th Cir. 1998) (holding that § 1252(g) of the INA divests courts of jurisdiction even to hear petitions of constitutional violations brought under a writ of habeas corpus pursuant to § 2241).

Guided by the above decisions, I find that judicial review of substantial constitutional claims relating to deportation orders is preserved through access to habeas corpus. Further, "serious constitutional questions. . . would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim." Webster v. Doe, 486 U.S. 592, 603 (1988); see also Magano-Pizano, 152 F.3d at 1220-22 (Suspension Clause forbids application of construction of IIRIRA amendments which preclude access to relief under § 2241 in immigration cases). Accordingly, I conclude that this Court has jurisdiction to review Mariscal's habeas petition under § 2241 in which he alleges due process violations, jurisdiction also exists to enjoin deportation proceedings pending a determination of his petition on the merits.

**Preliminary Injunction**

After determining I have jurisdiction, weighing of the four factors required for injunctive relief, see Resolution Trust Corp. v. Cruce, 972 F.2d 1195, 1198 (10th Cir. 1992), leads me to conclude that enjoining Petitioner's deportation until this Court has ruled on the habeas petition is the appropriate course to follow. The petition raises colorable constitutional issues, which the Court would lose jurisdiction to review if Petitioner were deported. Respondents would be prejudiced by only a few months delay in Petitioner's deportation. Petitioner, on the other hand, would suffer irreparable injury should there be merit to his claims in that he would be separated from his wife, children and extended family who live in New Mexico. See id. (setting out factors for issuance of preliminary injunction to be considered in the discretion of the trial court).

Wherefore,

**IT IS ORDERED** that Petitioner's Motion for Preliminary Injunction Staying

Deportation Pending Determination of Petition for Writ of Habeas Corpus  **[docket 8-1]** is hereby

**GRANTED**.  This injunction expires automatically on the date this Court issues a final order on

the habeas petition which is now pending.


**BRUCE D. BLACK**
United States District Judge