# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANTONIO R. MARISCAL,

      Petitioner,

v.                                                 Civil No. 98-992 BB/WWD

JANET RENO, ET AL.,

      Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

      1. THIS MATTER comes before the Court upon Respondents' Motion to Dismiss, filed October 15, 1998 **[docket # 6]**, and Petitioner's Motion to Strike, filed May 25, 1999 **[docket #27]**. Petitioner, who is represented by counsel, has filed an application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 whereby he seeks a review of the lawfulness of a final order of deportation.[1]

      2. On January 14, 1992, in the United States District Court for the District of New Mexico, Mariscal was convicted of conspiracy to possess with intent to distribute more than 50 kilograms of marijuana and aiding and abetting. He was sentenced to serve of term of imprisonment of 51 months. Mariscal was placed in deportation proceedings on March 4, 1996. An immigration judge found Petitioner to be deportable on September 24, 1997 and a subsequent appeal to the Board of Immigration Appeals was denied. *Mot. to Dism., Exs. 2 & 3*.

---

    [1] An alien whose liberty is restricted pursuant to an order emanating from the INS is generally "in custody" for purposes of satisfying the prerequisites for habeas review). *Galaviz-Medina v. Wooten et al.*, 27 F.3d 487, 493 (10th Cir. 1994)(citations omitted).

## BACKGROUND

3. All of the issues raised in the petition are prompted by recent amendments to the Immigration and Nationality Act ("INA"), 8 U.S.C. 1182(c), which drastically curtailed the availability of judicial review of deportation orders. Petitioner contends that these amendments do not preclude federal district courts from reviewing habeas petitions brought under 28 U.S.C. § 2254. In addition, he alleges several theories of constitutional violations relating to his rejected application for waiver under § 212(c) of the INA, which was also affected by INA's statutory overhaul. Section 212(c) gave lawful permanent residents of seven years duration the right to seek discretionary relief from deportation due to conviction of certain narcotics offenses which render them deportable under 8 U.S.C. §1251(a)(2)(C) (redesignated as 8 U.S.C. § 1227(a)(2)(C) on April 1, 1997).

4. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[2] was enacted. Section 440(d) of AEDPA amended § 212(c) of the INA to bar most criminal aliens from receiving a waiver of deportation under that section. Mariscal contends that retroactive application of § 440(d) violates his constitutional rights of due process and equal protection and was in error.[3]

5. The INA is also affected by provisions passed under another statute. On September 30, 1996, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").[4] Although IIRIRA's final rules generally became effective on April 1, 1997, §

---

[2] Publ.L. No. 104-132, 110 Stat. 1214.

[3] Section 212(c) of the INA is now § 240A(b). *See LaGuerre v. Reno et al*, 1998 WL 912107, *overruling Turkhan v. INS*, 123 F.3d 487 (7th Cir. 1997).

[4] Div. C of Publ.L. No. 104-208, 110 Stat. 3009.

2

309(a)(1), they do not apply to Petitioner. *§ 309(c)(1)(B)*. Instead, under § 309(c)(4) of the IIRIRA, Mariscal's petition for judicial review is governed under IIRIRA's transitional rules because his deportation proceedings began before IIRIRA's effective date, but the final deportation order was issued after October 31, 1996. Parties do not dispute that IIRIRA's transitional rules apply here. *See § 2254 Petition, Ex. 8, ¶ 2*.

6. Under new provisions in both IIRIRA and AEDPA, Mariscal is precluded from appealing the immigration judge's decision to refuse application of the § 212(c) waiver to his case because of the type of crime of which he was convicted. Section 309(c)(4)(G), a transitional rule of IIRIRA and § 440(a) of AEDPA, do not permit appeals where the alien is deportable "by reason of having committed [certain specific criminal offenses]."[5] The Tenth Circuit follows other jurisdictions in holding that § 440(a) applies to petitions for review pending on or after the date of AEDPA's enactment on April 24, 1996, making it applicable to Mariscal. *See Berehe v. INS*, 114 F.3d 159, 160 (10th Cir. 1997).

7. The INA formerly included a provision which gave federal courts jurisdiction to review challenges to the validity of a deportation order based on custody review by habeas corpus: "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings." *§ 106(a)(10), 8 U.S.C. § 1105a(a)(10)*. Section 106 was rendered a

---

[5] § 309(c)(4)(G) of IIRIRA states in part that, "there shall be no appeal permitted in the case of an alien who is inadmissable or deportable by reason of having committed a criminal offense [covered in enumerated sections]." Similarly, AEDPA's § 440(a) states that "[a]ny final order of deportation against an alien who is deportable by reason of having committed [certain specific criminal offenses] shall not be subject to review by any court." The relevant criminal offenses are enumerated in § 212(a)(2) or § 241(a)(2)(A)(iii) of the INA. See also 8 U.S.C. § 1251(a)(2)(C) (redesignated as 8 U.S.C. § 1227(a)(2)(C) on April 1, 1997) (rendering individuals deportable if convicted of criminal offenses).

nullity by both IIRIRA and AEDPA -- repealed by IIRIRA's § 306(b) and deleted by AEDPA's § 401(e). *See Benziane v. U.S.*, 960 F.Supp. 238, 240 (D.Colo. 1997). Section 306(a) of IIRIRA added a new subsection, "Exclusive Jurisdiction," 242(g) to the INA, which was codified at 8 U.S.C. § 1252(g) and reads as follows:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

§ 242(g), 8 U.S.C. § 1252(g). This provision was intended to be effective immediately and to include pending cases. IIRIRA, § 306(c)(1).

8. Respondents seek dismissal of Mariscal's petition, arguing lack of jurisdiction to hear the claims, particularly in light of § 1252(g) which at first glance does appear to preclude all forms of judicial review for deportation claims. The Government also contends that should the Court find that jurisdiction exists, that Mariscal's claims themselves have no merit.

## DISCUSSION

9. As a practical matter, Judge Black, the district judge presiding over this case, has already concluded that jurisdiction exists when he entered an order enjoining Petitioner's deportation on November 10, 1998. *See docket # 14.* This conclusion is bolstered by the very recent Tenth Circuit opinion, *Jurado-Gutierrez v. Greene*, 1999 WL 637038 (Aug. 19, 10th Cir., Colo.), which had not been decided at the time the injunction was entered, but nevertheless definitively settles not only the jurisdictional question, but also most of Mariscal's substantive claims as well.[6] Based on *Jurado-*

---

[6] The issues discussed in *Jurado-Gutierrez* are identical to those raised by Mariscal. The Tenth Circuit case consolidated issues raised by four petitioners, who were four legal permanent residents who had final orders of deportation entered against them because of criminal convictions. All of them sought the discretionary waiver under INA's § 212(c) of their deportation order.

4

*Gutierrez*, I find that although Petitioner "wins the battle" of the much-contested jurisdictional issue, he "loses the war" with regard to his substantive claims, which should be dismissed with prejudice for the reasons given below.

*Legal Standard*

10. In analyzing a motion to dismiss based on Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must accept all the well-pleaded allegations of the complainant as true and must construe them in the light most favorable to plaintiff, in this case the Petitioner. *William v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991); *Jojola v. Chavez*, 55 F.3d 488 (10th Cir. 1995). Dismissal is appropriate when the plaintiff can prove no set of facts to support a claim for relief. *Id.*; *Nolan v. McAdoo*, 39 f.3d 269 (10th Cir. 1994). A complaint may be dismissed as a matter of law if there are insufficient facts under any cognizable theory.

*Petitioner's Motion to Strike*

11. As a preliminary matter, I find that Petitioner's motion to strike should be denied. The issues in this case have been briefed and rebriefed. *See* dockets ##6, #15; # 23, #26. Petitioner objects to the Government's raising for the first time in its reply during the second round of briefing the issue of dismissal of certain parties from this lawsuit, when, pursuant to Judge Black's order of February 24, 1999 [*see* docket #19], the parties were given a "final opportunity to fully brief" the merits of the case. I agree with Petitioner that Respondent's request to dismiss the Attorney General and Commissioner for lack of personal jurisdiction constitutes a motion to dismiss which should have been addressed in the brief-in-chief or else submitted in a separate pleading, *see Admin. Order, May 4, 1992, No. Misc. 92-88.* However, I need not address the issue at all, given my recommendation for final disposition of the case. The motion to strike should be denied.

*Jurisdiction under 28 U.S.C. § 2254*

12. In *Jurado-Gutierrez*, the Tenth Circuit concluded that none of the new provisions, -- IIRIRA's § 309(c)(4)(G), AEDPA's § 440(a) and § 401(e) which specifically deleted INA § 106(a)(10) -- eliminates the "traditional review mechanism" under § 2254, an "independent statute."[7] The Court based its conclusion on the explicit text of the amendments, none of which makes any mention "regarding habeas corpus review traditionally available under § 2241" nor "on their face contemplates the revocation of that traditional review mechanism."  *Jurado-Gutierrez*, 1999 WL 637038, *7.

13. *Jurado-Gutierrez* also pointed out that the United States Supreme Court recently made clear that INA § 242(g) (codified at § 1252(g), the "exclusive jurisdiction" provision) cannot be relied on to foreclose traditional habeas corpus review.  That subsection applies only to three discrete actions that the Attorney General may take regarding deportation proceedings: decisions or actions to "commence proceedings, adjudicate cases, or execute removal order" against an alien. *Jurado-Gutierrez* at *4 (citing *Reno v. American-Arab Anti-Discrimination Comm.*, __ U.S. __, 119 S.Ct. 936, 943-45 (1999) ("AAADC").  Both *Jurado-Gutierrez* and *AAADC* noted that review of a final deportation order (which also forms the basis for Mariscal's petition) is outside the purview of actions governed by § 1252(g).  Thus, § 1252(g) does not affect jurisdictional authority to review final orders, nor does it speak to the availability of traditional habeas review.

14.  Having reiterated a basis for jurisdiction over Petitioner's claims presented in his § 2254 petition, I now consider Mariscal's substantive claims.  The Tenth Circuit's findings in *Jurado-*

---

[7] Given the decision on jurisdiction over § 2241 petitions reached by our Tenth Circuit in *Jurado-Gutierrez*, I need not address the parties' arguments on this issue.

*Gutierrez* provide the basis for dismissal of Mariscal's claims under the retroactivity issue of § 440(d) and equal protection. The remaining two, under due process and separation of powers, should also be dismissed as meritless.[8]

***Retroactivity of AEDPA § 440(d)***

15. AEDPA's § 440(d) amends INA § 212(c) making an alien convicted of certain offenses, including drug crimes, ineligible for INA § 212(c) discretionary relief. Mariscal argues that the application of amended § 212(c) should apply only to aliens whose criminal convictions occurred after its enactment and that applying the bar to his case was impermissibly retroactive.

16. In *Jurado-Gutierrez*, the Tenth Circuit noted that Congress did not expressly mandate retroactive or prospective application of AEDPA § 440(d). However, the Court found that it was not clear whether Congress had intended to apply § 440(d) to cases pending at the time of the enactment, and that different provisions in AEDPA lent inferences both "in favor of and against applying [§ 440(d)] to convictions entered prior to AEDPA's enactment." *Jurado-Gutierrez* at *11-12.

17. Recognizing the presumption against retroactivity as the "appropriate default rule," the Court applied the three-part test set out in *Landgraf v. U.S.I. Film Products*, 511 U.S. 244, 264 (1994) to determine whether the provision had a retroactive effect. The Court held that § 440(d) has no retroactive effect when applied to aliens whose criminal convictions took place prior to April 24, 1996 but who had not yet applied for discretionary relief,[9] because revoking a form of discretionary

---

[8] Because this Court's jurisdiction extends to Mariscal's petition, I need not address his arguments under the Suspension Clause.

[9] Although Mariscal was placed in deportation proceedings on March 4, 1996, *see Pet. for Habeas Corpus*, Ex. 5 at 1. deportation proceedings were held on September 24, 1997, during

7

relief doesn't impose new consequences on conviction or sufficiently implicate due process concerns. The Tenth Circuit pointed out that the petitioners knew the consequences of their convictions and knew that they were subject to criminal penalties and deportation.

18. The amendment to § 212(c) merely institutes a change in prospective relief, to which the presumption against retroactivity does not apply.[10] The Court noted the "absurdity" in the argument that these aliens might have decided not to commit drug crimes had they known that if they were imprisoned and later ordered deported, they could not ask for a discretionary waiver of deportation. *Jurado-Gutierrez* at 13-14 (citations omitted). Therefore, this claim should be dismissed.

*Equal Protection Claim*

19. Mariscal contends that § 212(c), as amended by AEDPA § 440(d), violates his rights under the Fourteenth Amendment's Equal Protection Clause which mandates that no State "shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." *U.S. Const.amend. XIV § 1*. This protection applies to the federal government through the Fifth Amendment Due Process Clause. See, e.g., Schweiker v. Wilson, 450 U.S. 221, 226 & n.6 (1981).

20. Section 440(d) states that discretionary relief "shall not apply to an alien who is *deportable* by reason of having committed [certain criminal offenses.]" (*emphasis added*). While

---

which Mariscal formally applied for § 212(c) relief. *Ex. 3 at 44-45*.

[10] J. Lucero in the concurring opinion found that statutory construction weighed more heavily toward an implication that § 440(d) applied only to post-AEDPA convictions, but concluded that legislative intent was ambiguous and agreed with the majority's result following the *Landgraf* analysis.

8

this provision bars deportable aliens from pursuing discretionary relief, it permits *excludable* aliens to apply for a waiver of deportation under § 212(c). *See Jurado-Gutierrez* at *14 (citing *Matter of Fuentes-Campos*, Interim Dec.3318, 1997 WL 269368 (BIA May 14, 1997)).[11]

21. In its analysis, the Tenth Circuit applied the rational basis standard of review which is afforded to alienage classifications created by federal law. *See Mathews v. Diaz*, 426 U.S. 67 (1976); *Hampton v. Mow Sun Wong*, 426 U.S. 88, 94 (1976). Under this lowest standard of review, a statute shall not treat similarly situated persons differently unless the dissimilar treatment is rationally related to a legitimate legislative objective. *Jurado-Gutierrez* at *14 (citing *Kadrmas v. Dickinson Pub. Schs.*, 487 U.S. 450, 457 (1988)). Thus, the challenged differentiation in § 212(c) must bear only a rational relationship to a legitimate governmental purpose. *See Romer v. Evans et al*, 517 U.S. 620, 635 (1996) (citing *Kadrmas* at 462).

22. Without deciding whether deportable and excludable aliens are similarly situated, and even assuming that they are, the Tenth Circuit concluded that there was a rational basis for treating deportable aliens differently from excludable aliens under § 212(c), as amended by AEDPA's § 440(d). *Jurado-Gutierrez* at *14. The Court noted that the provision promoted Congress' rational objective of "expeditiously removing criminal aliens from the country" and agreed with the Government that criminal aliens inside the United States pose a "clear and present danger to the

---

[11] IIRIRA has eliminated the distinctions between "deportation" and "exclusion" proceedings, creating one category of "removal" proceedings." *See 8 U.S.C. § 1229a (Supp. 1998))*; *Richardson v. Reno*, 162 F.3d 1338, 1346 n.19, 20 and accompanying text (11th Cir. 1998). New IRA § 240(d)(2) defines the term "removable" as an alien who is "deportable" or an alien who is "inadmissible" (replacing the old term "excludable"). *Id.* at 1346 n.22. Mariscal's deportation proceedings started prior to the effective date of these new provisions. *See IIRIRA § 309(a)* (codified at 8 U.S.C. § 1101).

9

safety of the American public" in contrast to criminal aliens who were still outside the country and could not enter until given permission to do so by the Attorney General. *Id.*

23. Mariscal does not allege any facts which would distinguish his situation from those of the petitioners in *Jurado-Gutierrez*, in which the Court held that § 212(c), as amended by AEDPA § 440(d), did not violate the petitioner's equal protection rights. Therefore, Mariscal's equal protection claim should be dismissed.

## *Due Process Claim and Separation of Powers*

24. Mariscal's remaining claims dovetail into the jurisdictional and retroactivity issues. His due process claim is a twist on his previous argument related to the application of § 440(d) to his case. Petitioner contends that he entered a guilty plea to preserve his eligibility for the § 212(c) waiver, and that applying the new provision to his situation is manifestly unjust because of the provision's "new, unanticipated, and irreversible consequences" it has upon him.

<u>Due Process Claim</u>

25. Mariscal correctly does not base his Due Process argument on the infringement of a fundamental right, as there is no legal basis to consider an alien's right to live in this country as a fundamental right. *See Gehl Group v. Koby*, 63 F.3d 1528, 1538-39 (10th Cir. 1995) (citing *Albright v. Oliver*, 510 U.S. 266 (1993) (the protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity). Thus, the legislation affecting Mariscal's "right" to a discretionary waiver (§ 440(d)) is subject to a lower standard of review, one that requires simply a rational relation between the statute and a legitimate state objective. *See United States v. Austin*, 981 F.2d 1163, 1165 (10th Cir. 1992) (a government action which does not impact upon a suspect class or a fundamental right need only

10

be rationally related to a legitimate govenmental interest).

26. In the context involving Petitioner, then, the Due Process Clause can be looked to safeguard individuals from arbitrary or irrational legislation. *See Pension Benefit Guaranty Corporation v. R.A. Gray & Co.*, 467 U.S. 717, 733 (1984) ("[R]etrospective civil legislation may offend due process if it is particularly harsh and oppressive") (internal quotations omitted); *cited in Eastern Enterp. v. Apfel*, 118 S.Ct. 2131, 2163 (Breyer, J., Stevens, J., Souter, J., and Ginsburg, J., dissenting) ("Due Process Clause can offer protection against legislation that is unfairly retroactive. . . . for . . . a law that is fundamentally unfair because of its retroactivity is a law which is basically arbitrary"); U.S. v. Sperry, 493 U.S. 52, 64 (1989) (due process burden met by showing that retroactive application of the legislation is itself justified by a rational legislative purpose).

27. Although *Jurado-Gutierrez* did not analyze § 440(d) under a Due Process theory, the Court's line of reasoning used in both the retroactivity and equal protection analyses offers useful guidance for Mariscal's due process claim. First, application of § 440(d) to Mariscal's case cannot be considered to be fundamentally unfair on the basis that it was applied retroactively when the Tenth Circuit has held that it has *no* retroactive effect at all when applied to aliens in Mariscal's position.

28. Second, application of the provision to pending cases cannot be said to be arbitrary or capricious where it removes an opportunity for relief that is only discretionary. Despite Mariscal's description of the provision's consequences as "new, unanticipated, and irreversible," the Tenth Circuit characterized them as consequences that do not raise concerns of reliance, expectations or fair notice. *Jurado-Gutierrez*, 1999 WL 637038, *13. Third, under the Tenth Circuit's equal protection analysis, amending § 212(c) to take away discretionary relief from certain classes of

criminal aliens does have a rational legislative purpose: expeditious removal of criminal aliens from the country. *Jurado* at \*14. In sum, Petitioner's Due Process claims have no merit and should also be dismissed.

Separation of Powers Claim

29. Mariscal's last claim is characterized as a separation of powers issue, but essentially challenges the nonavailability of judicial review under a procedural due process theory. Petitioner argues that his due process rights are violated where the same executive branch that prosecuted the deportation and interpreted the law to bar Petitioner from discretionary relief was also not able to pass on the constitutional challenges to the law, leaving Mariscal without recourse to judicial review of his constitutional claims by an Article III court. This claim should be denied as moot. The issue of availability of judicial review for Mariscal's constitutional claims has been resolved by the Tenth Circuit's holding in *Jurado-Gutierrez* that jurisdiction exists over constitutional claims brought by deportees in a § 2254 petition.

## RECOMMENDATION

I recommend that Respondents' Motion to Dismiss **[docket # 6]** be GRANTED, and that Petitioner's Motion to Strike **[docket #27]** be DENIED, and that this cause be dismissed with prejudice in its entirety. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

_____
UNITED STATES MAGISTRATE JUDGE